Filed 1/15/14  City of Lake Forest v. Lake Forest Wellness Center etc. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| CITY OF LAKE FOREST, | |
| Plaintiff and Respondent, | G043817 (consol. with G043867) |
| v. | (Super. Ct. No. 30-2009-00298887) |
| LAKE FOREST WELLNESS CENTER AND COLLECTIVE et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, David R. Chaffee, Judge.  Affirmed.

Howard|Nassiri, Vincent D. Howard, Damian J. Nassiri, Naveen Madala; and Donna Bader for Defendants and Appellants.

Best Best & Krieger, Jeffrey V. Dunn and Lee Ann Meyer for Plaintiff and Respondent.

\*          \*          \*

Lake Forest Wellness Center and Collective contends local bans against medical marijuana dispensaries are preempted because the Legislature made clear its policy determination in Health and Safety Code section 11362.775 that the cultivation of marijuana for sick Californians by qualified cooperative or collective associations is not a nuisance, and therefore, what the Legislature has authorized, the City of Lake Forest (the city) may not ban. We agreed in an unpublished opinion, and because the trial court granted the city's injunction request solely on the basis of the city's dispensary ban, we reversed the preliminary injunction and remanded the matter for further proceedings. The Supreme Court granted the city's petition for review and later concluded in *City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729 (*Inland Empire*) that local governments may ban medical marijuana dispensaries without triggering preemption by the Compassionate Use Act of 1996 (Health & Saf. Code, § 11362.5) or California's Medical Marijuana Program (Health & Saf. Code, § 11362.7 et seq.). The high court transferred this case back to us to consider in light of *Inland Empire*, and because that decision is controlling authority (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), we affirm the preliminary injunction. The parties shall bear their own costs on appeal.

ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.

2